IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:16CV00677-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, William Williams, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Although a close call, for the reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.   BACKGROUND**

On April 1, 2013, Mr. Williams protectively filed for benefits due to being "stiff, off balance." (Tr. 142, 174.) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on February 25, 2015, where Mr. Williams appeared with his lawyer. (Tr. 30-45.) At the hearing, the ALJ heard testimony from Mr. Williams and a vocational expert ("VE"). (Tr. 41-44.) The ALJ issued a decision on March 20, 2015, finding that Mr. Williams was not disabled under the Act. (Tr. 13-23.) The Appeals Council received additional evidence and then denied Mr. Williams's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-9.)

Mr. Williams, who was sixty-two years old at the time of the hearing, has a high school education and past relevant work as a cutoff saw operator and laborer. (Tr. 22, 31.)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Williams had not engaged in substantial gainful activity since April 1, 2013, and he had "severe" chronic obstructive pulmonary disease (COPD). (Tr. 15.) However, the ALJ found Mr. Williams did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 17-18.)

According to the ALJ, Mr. Williams has the residual functional capacity ("RFC") to perform a reduced range of medium work. (Tr. 18.) The VE testified that the jobs available with these limitations were grocery bagger and kitchen helper. (Tr. 43.) Accordingly, the ALJ determined that Mr. Williams could perform a significant number of jobs existing in the national economy, and found that he was not disabled. (Tr. 23.)

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, courts must consider both evidence that detracts from the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B. Mr. Williams's Arguments for Reversal

Mr. Williams asserts the Commissioner's decision should be reversed because the ALJ (1) incorrectly determined he did not meet Listing 3.02A; and (2) incorrectly determined he could perform work at the medium exertional level. (Doc. No. 11.) I agree.

Mr. Williams asserts the ALJ should have found that the medical evidence supports a conclusion that he meets Listing 3.02A. To meet Listing 3.02A, Plaintiff's medical evidence must show his "$FEV_1$" is equal to or less than the value specified in the table corresponding to his height and weight. 20 C.F.R. § 404, Subpt. P, App. 1. "$FEV_1$" stands for the Forced Expiratory Volume in One Second. In other words, this is the amount of air that plaintiff can breath out in one second, after taking a deep breath and exhaling as forcibly as possible. Plaintiff is sixty-five inches tall. (Tr. 38.) To meet Listing 3.02 A, plaintiff's $FEV_1$ score must be equal to or less than 1.50. 20 C.F.R. § 404, Subpt. P, App. 1, Table I.[6] On May 9, 2013, Plaintiff's $FEV_1$ score was 1.191. (Tr. 254-55.) Therefore, according to the diagnostic test, Mr. Williams satisfied the requirements of Listing 3.02A. Additionally, Jack Somers, Jr., M.D., diagnosed Mr. Williams with "moderate to severe" COPD.

While I agree that Plaintiff has proven he meets Listing 3.02A, I note the Commissioner's counsel has provided some persuasive reasons to discount Mr. Williams's $FEV_1$ scores. Most troubling is the fact that, as the ALJ noted, Plaintiff smokes cigarettes. (Tr. 17.) And his doctors have repeatedly instructed him to cease smoking - to no avail. (Tr. 270, 272.) Plaintiff also did not

---

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]Plaintiff argues his $FEV_1$ scores must be equal to or less than 1.25 or 1.35, but I believe those scores relate to females over the age of 20. For *Mr.* Williams, I have considered a score of 1.50.

list COPD for a basis for his disability application. (Tr. 174.) However, the ALJ's decision fails to address the fact that Plaintiff met the requirements of Listing 3.02A. The ALJ stated:

> The claimant does not meet Listing 3.02A or B under chronic obstructive pulmonary disease (COPD) because he does not have chronic obstructive pulmonary disease (COPD) with FEF1 equal to or less than the values specified in Table 1 corresponding to the person's height without shoes and does not have a FVC equal to or less than the values specified in Table II corresponding to the person's height without shoes.

(Tr. 17.)

This is simply incorrect. (Tr. 254-255.) And while the Commissioner's counsel makes a strong argument about the diagnostic test potentially lacking validity (Doc. No. 12 at 6), counsel's argument cannot be considered substantial evidence to support the ALJ's decision. Rather, the test's validity should have been addressed in the ALJ's opinion. Accordingly, as the record presently stands, there is ample evidence showing Plaintiff met Listing 3.02A.

### IV. CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Listing 3.02A. For this reason, the Court REVERSES the decision and REMANDS the case to the Commissioner for full development of whether or not Mr. Williams has met Listing 3.02A. On remand, the Commissioner should also reconsider Plaintiff's residual functional capacity.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 22nd day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE